UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                                    Case No. 20-cr-205-pp

CHRISTOPHER E. ELIM,

        Defendant.

**ORDER DENYING DEFENDANT'S *PRO SE* REQUEST FOR SENTENCE CREDIT AND LIFTING OF FEDERAL DETAINER (DKT. NO. 37)**

On December 17, 2020, the defendant signed a plea agreement admitting to possessing a firearm knowing that he had been convicted of a felony and possession with intent to distribute methamphetamine. Dkt. No. 12. The court accepted the defendant's plea on January 27, 2021. Dkt. No. 16.

The court sentenced the defendant on April 22, 2021. Dkt. No. 32. At the sentencing hearing, the defendant's attorney asked the court to impose the federal sentence to run concurrently with the sentence imposed by the Milwaukee County Circuit Court in Case No. 03CF1987. Id. at 2. The court granted that request; the minutes state that the court imposed a sixty-six-month sentence to run concurrently with the sentence imposed in 03CF1987. Id. at 3. The judgment states the same. Dkt. No. 33 at 2.

On March 14, 2022, the court received a letter from the defendant, asking "for the credit time from Nov. 13, 2020 till April 22, 2021 161 days." Dkt. No. 37. The defendant says that he was indicted on November 13, 2021

1

and argues that he has not received credit for the time between the indictment date and the April 22, 2021 sentencing date. Id. He also says that because his state sentence exceeds his federal sentence, he would like the federal detainer against him to be lifted; he says that he doesn't get any good time off his state sentence. Id.

The defendant is incorrect that he is entitled to sentence credit for the time between his November 2020 federal indictment and his April 2021 federal sentencing. The defendant was indicted by the federal grand jury on November 3, 2020. Dkt. No. 1. At that at that time, he was in state custody at the Milwaukee Secure Detention Facility. Dkt. No. 2. He was awaiting sentencing on probation violations. Dkt. No. 5 at 1. On November 13, 2020, the defendant was produced at the federal building as the result of a writ of *habeas corpus ad prosequendum* and was federally "arrested." Id., Dkt. No. 36. Because the defendant was in state custody when the federal charges issued, a federal detainer was lodged against him, so that if he were to be released from state custody before the federal case resolved, he would be transferred to federal custody rather than being released into the community. Dkt. No. 30. Based on the events that led to the charges in this federal case, the defendant's state extended supervision in Case No. 03CF1987 subsequently was revoked and the state court sentenced him to serve five years in prison. Dkt. No. 22 at ¶43.

This court did not sentence the defendant until April 22, 2021—five months and nineteen days after the grand jury indicted him. There was no federal sentence for the defendant to serve until April 22, 2021. Until that

point, he had been in state custody, either awaiting revocation or serving his revocation sentence. The document the defendant attached to his letter indicates that the Bureau of Prisons began crediting the defendant with service of the sixty-six-month federal sentence on April 21, 2021—the very day this court imposed it—even though he was still in the physical custody of the Wisconsin Department of Corrections. That is exactly what the court intended the Bureau of Prisons to do when it imposed the federal sentence to run "concurrently"—at the same time—with the state sentence.

If this court had intended the defendant to get credit against his federal sentence for the five months and nineteen days between the November 3, 2020 indictment date and the April 22, 2021 sentencing date, the court would have adjusted the sixty-six-month sentence downward by five months and nineteen days, and imposed a sentence of sixty months and eleven days. The court did not do that because between November 3, 2020 and April 22, 2021, the defendant was in the primary custody of the Wisconsin Department of Corrections. The court assumed that those five months and nineteen days would be credited to the defendant's state revocation sentence and that an incremental punishment of five and a half months or so was appropriate to account for the fact that not only did the defendant violate federal law, but he violated the conditions of his state extended supervision.

In fact, although U.S.S.G. §5G1.3(d) says that in a case involving an undischarged term of imprisonment the court may impose the federal sentence

3

to run concurrently, partially concurrently or consecutively to that undischarged sentence, Application Note 4(C) to that guideline states:

> Subsection (d) applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked. Consistent with the policy set forth in Application Note 4 and subsection (f) of §7B1.3 (Revocation of Probation or Supervised Release), the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation.

The defendant committed the crimes that led to his federal conviction on September 11, 12 and 21, 2020. Dkt. No. 1. At that time, he was on extended supervision for Case No. 03CF1987. Dkt. No. 22 at ¶43. Because he committed the federal offenses while he was on state supervision, the federal Sentencing Commission recommended that this court impose the federal sentence to run *consecutively* to the state revocation sentence. The court did not follow that recommendation. It imposed the sentence to run concurrently with the state sentence, starting with the date this court imposed the federal sentence—April 22, 2021. That is what the BOP has done.

As for the defendant's request that this court lift the federal detainer, the court would not grant that request even if it had the authority to do so. The court understands that the DOC may not allow the defendant to earn good time while the federal detainer is pending. But the detainer is necessary. If somehow the Wisconsin Department of Corrections were to release the defendant before the expiration of his sixty-six-month federal sentence and there were no detainer in place, the defendant could be released into the community before he had served the sentence this court has imposed. The

4

court imposed a sixty-six-month sentence because that was the sentence the court felt was appropriate in light of the 18 U.S.C. §3553(a) sentencing factors. For the defendant to be released after thirty-six months or forty-two months because, somehow, the Wisconsin DOC concluded that he had completed his state revocation sentence within that time would frustrate the intent of this court.

The court **DENIES** the defendant's *pro se* request for sentence credit and lifting of the federal detainer. Dkt. No. 37.

Dated in Milwaukee, Wisconsin this 21st day of March, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**